**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARANJEET KAUR DHANOYA, | No. 09-71528 |
| Petitioner, | Agency No. A076-861-895 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Sharanjeet Kaur Dhanoya, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 889, 894 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Dhanoya's motion to reopen as untimely where the motion was filed over five years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Dhanoya failed to establish changed circumstances in India to qualify for the regulatory exception to the time limitation, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).  Because the BIA considered the evidence regarding torture submitted with the motion to reopen, we reject Dhanoya's Convention Against Torture contention.  *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (the BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law").

Dhanoya's contentions that the BIA failed to properly consider the evidence and applied an improper legal standard in denying her motion to reopen are belied by the record.

We reject Dhanoya's contention that the BIA erred by failing to inform her of the deadlines for the filing of a motion to reopen, because as the BIA concluded,

neither the statute nor the regulations impose such an obligation on the BIA. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2.

Finally, we lack jurisdiction to review Dhanoya's renewed challenge to the IJ's adverse credibility determination, because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003); 8 U.S.C. § 1252(b)(1).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**